UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————————x
                                                        :
CVAR VON HABSBURG GROUP, LLC            :        Case No.:
                                                        :        18-cv-11218 (AKH)(GWG)
                       Plaintiff,                       :
                                                        :
        -against-                                       :
                                                        :
DECURION CORPORATION and ELK MOUNTAIN   ;
RESORT, LLC,                                            :
                                                        :
                       Defendants.                      :
———————————————————————————x

**ORDER DISMISSING ACTION WITH PREJUDICE, VACATING ORDER GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF, VACATING THE JUDGMENT ENTERED AGAINST THE DEFENDANTS, CANCELLING THE SUPERSEDEAS BOND FILED BY DEFENDANTS, AND DISCHARGING THE SURETY OF SAID BOND**

**WHEREAS,** by Amended Notice of Motion dated and filed September 27, 2019 (ECF Document No. 37), Plaintiff Cvar Von Habsburg Group, LLC ("CVHG") moved for an order granting summary judgment against Defendants Decurion Corporation ("Decurion"), Tavitac Corporation ("Tavitac") and Elk Mountain Resort, LLC ("Elk Mountain") (collectively, the "Decurion Defendants"), and

**WHEREAS,** the Court, *sua sponte,* changed the caption of this action at to remove Tavitac from the caption; and

**WHEREAS,** the Court issued an "Opinion and Order Granting Plaintiff's Motion for Summary Judgment" dated December 11, 2019 (ECF Document No. 54) granting summary judgment in favor of plaintiff Cvar Von Habsburg Group, LLC ("CVHG") and against Defendants Decurion Corporation ("Decurion") and Elk Mountain Resort LLC ("Elk Mountain") (the "Summary Judgment Order"), copy of which is annexed hereto as Exhibit A; and

**WHEREAS,** pursuant to the Summary Judgment Order, on December 16, 2019, the Clerk entered a judgment against Decurion and Elk Mountain in the cumulative sum of $278,723.31 (the "Judgment") (ECF Document No. 55), copy of which is annexed hereto as Exhibit B; and

**WHEREAS,** on December 19, 2019, Decurion and Elk Mountain filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit (the "Second Circuit") from the Summary Judgment Order and the Judgment (ECF Document No. 56) (the "Second Circuit Appeal"), copy of which is annexed hereto as Exhibit C; and

**WHEREAS,** on January 27, 2020, Decurion and Elk Mountain filed with the Clerk of this Court Supersedeas Bond no. 3475215, dated January 27, 2020, in the sum of $309,633.00 issued by Suretec Insurance Company (ECF Document No. 57), copy of which is annexed hereto as Exhibit D; and

**WHEREAS,** on January 9, 2020, the Second Circuit issued an Order, copy of which is annexed hereto as Exhibit E, directing mediation of the case (Second Circuit Case Number 19-4313) on January 30, 2020 (the "January 30 Mediation") before the Honorable Charles E. Ramos, J.S.C. (ret.), Pro Bono Appellate Mediator at the Second Circuit Courthouse; and

**WHEREAS,** as a result of the January 30 Mediation, the parties hereto agreed to settle the above-captioned action by, *inter alia,* submitting to this Court a Proposed Order granting the relief; and

**WHEREAS,** on March 23, 2020, the Second Circuit issued an order remanding this case to this Court and on the same day the Clerk of this Court docketed said order herein as ECF Document No. 60, it is

**ORDERED,** that the above-captioned action is **DISMISSED WITH PREJUDICE,** and it is further

**ORDERED,** that the Summary Judgment Order (ECF Document No. 54) is hereby **VACATED**, and is further

**ORDERED,** that the Judgment (ECF Document No. 55) is hereby **VACATED** and the Clerk is directed to strike the Judgment from the judgment rolls of this Court, and it is further

**ORDERED,** that the Supersedeas Bond filed by Decurion and Elk Mountain on January 27, 2020 with this Court, more specifically Supersedeas Bond no. 3475215 dated January 27, 2020, in the sum of $309,633.00 issued by Suretec Insurance Company as surety (ECF Document No. 57) is hereby **CANCELLED**, and it is

**ORDERED,** that Suretec Insurance Company is hereby **DISCHARGED** from any and all of its duties and obligations under said Supersedeas Bond.

SO ORDERED.

Dated: March 26, 2020
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

3

# Exhibit A to Proposed Order -

## Opinion and Order Granting Plaintiff's Motion for Summary Judgment - ECF Document No. 54

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/11/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                  :

CVAR VON HABSBURG GROUP, LLC,      :

                                   :

                   Plaintiff,      :

      v.                                        :

                                     :

DECURION CORPORATION and ELK      :
MOUNTAIN RESORT, LLC               :

                                     :

                   Defendants.      :

                                     :

-------------------------------------------------------- X

**OPININON AND ORDER
GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT**

18 Civ. 11218 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

            Plaintiff Cvar Von Habsburg Group, LLC ("CVHG" or "Plaintiff") seeks

recovery for accounts stated in connection with consulting services it provided to Defendants

Decurion Corporation ("Decurion") and Elk Mountain Resort, LLC ("Elk Mountain")

(collectively, "Defendants"). Plaintiff now moves for summary judgment on all claims. For the

reasons that follow, Plaintiff's motion is granted.

## BACKGROUND

            CVHG, which was founded by Dr. Margeaux Cvar, provides specialized business

evaluation services. Decurion is a holder of real estate and operating companies. It is the parent

company and sole member of Elk Mountain. Over a period of years, Plaintiff provided

consulting services to Decurion and its subsidiaries. Dr. Cvar also had a personal relationship

with Michael R. Forman, who was the Chairman of the Board and CEO of Decurion until he

passed away in January 2019.

            To be paid for CVHG's services to Decurion and its subsidiaries, Dr. Cvar

regularly provided invoices directly to Mr. Forman via fax, via mail, and/or personally. CVHG

alleges that three invoices remain unpaid: 1) an invoice, dated July 25, 2012 (the "2012

Invoice"), charging $49,265 for strategic evaluations of movie theaters and snack bars owned by Decurion; 2) an invoice, dated February 4, 2013 (the "2013 Invoice"), charging $58,280 for services related to the potential operation of a resort; and 3) an invoice, dated October 15, 2015 (the "2015 Invoice"), charging $84,872 for updating a business plan related to a potential sale of Elk Mountain. According to fax cover sheets and an affidavit submitted by Dr. Cvar, Dr. Cvar sent all three invoices to Mr. Forman's personal fax number. Defendants never objected.

According to Defendants, CVHG did not perform the work for which it now seeks payment. Defendants argue that the three invoices must be fraudulent because Defendants had stopped hiring CVHG by 2012, when the relationship between Dr. Cvar and Mr. Forman ruptured.[1] According to a declaration submitted by James D. Vandever (the "Vandever Declaration"), Vice-President and Counsel for Decurion, Mr. Forman never requested any services from Dr. Cvar after the breakdown of their relationship in 2012. According to Dr. Cvar, the rupture in the relationship with Mr. Forman was only temporary. Despite the temporary break in their personal communication, she says, their business relationship continued. Dr. Cvar provided examples of correspondence and checks the two exchanged through 2015.

Defendants cite other indicia, which they argue show fraud. They say most of the assets in the business division referenced in the 2012 Invoice were sold in 2008, and that Elk Mountain, the subject of the work for the 2013 Invoice and 2015 Invoice, ceased operations in 2009. CVHG disputes that the assets from the 2012 Invoice had been sold, noting that Decurion's website still lists multiple theaters as holdings to this day. Regarding Elk Mountain, CVHG acknowledges that the business was not operating but says CVHG performed work to

---

[1] In 2015, Dr. Cvar left a voicemail in which she chastised Mr. Forman for "desert[ing]" her "at the end of 2012" and for other personal and professional offenses. ECF No. 47, Ex. A. In an affidavit submitted in another case, Dr. Cvar asserted that Mr. Forman "broke off relations with [her]" in or about 2012. ECF No. 46, Ex. A, at 4.

2

position Elk Mountain for a prospective sale. Finally, Defendants believe the 2015 Invoice is copied and pasted from an invoice from 2000 (the "2000 Invoice"). CVHG responds that the two invoices only coincidentally bill the same amount.

CVHG brings three claims for account stated under New York law, one for each of the allegedly unpaid invoices. ECF No. 22. Following discovery, CVHG moved for summary judgment.

## DISCUSSION

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, the Court "is . . . required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford,* 361 F.3d 113, 122 (2d Cir. 2004). "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252.

Plaintiff seeks recovery for accounts stated. To establish a claim for account stated under New York law, a plaintiff must show that "(1) an account was presented; (2) it was accepted as correct; and (3) debtor promised to pay the amount stated." *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009). "The second and third requirements (acceptance of the account as correct and a promise to pay the amount stated) may

3

be implied if 'a party receiving a statement of account keeps it without objecting to it within a

reasonable time or if the debtor makes partial payment.'" *Id.* (quoting *LeBoeuf, Lamb, Greene &*

*MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 64 (2d Cir. 1999). The delivery of an invoice for

services performed, and retention of same without objection, qualifies as an account stated.

*Glassman v. Weinberg*, 154 A.D.3d 407, 408 (1st Dep't 2017); *White Diaomond C Morrison*

*Cohen Singer & Weinstein, LLP v. Waters*, 13 A.D.3d 51, 51-52 (1st Dep't 2004).

      In support of its motion, CVHG provides each of the three invoices and

corresponding fax records. It also provides an affidavit in which Dr. Cvar explains her typical

practice for billing Defendants and states that Defendants never objected to the invoices at issue.

Defendants argue that the New York Dead Man's Statute, CPLR 4519, precludes Plaintiff from

relying on Dr. Cvar's personal communications and transactions with Mr. Forman. The Dead

Man's Statute "disqualifies parties interested in litigation from testifying about personal

transactions or communications with deceased." *Poslock v. Teachers' Retirement Bd. of*

*Teachers' Retirement Sys.*, 88 N.Y.2d 146, 150 (N.Y. 1996). "[E]vidence excludable under the

Dead Man's Statute should not be used to support summary judgment." *Phillips v. Joseph*

*Kantor & Co.*, 31 N.Y.2d 307, 313 (N.Y. 1972). However, the statute does not exclude

documentary evidence of an interested party's dealings with the decedent. *Dawes v. J. Muller &*

*Co.*, 176 A.D.3d 473, 474 (1st Dep't 2019). CVHG has produced documentary evidence of its

regular billing practice, the three invoices at issue, and the type of work it performed for

Defendants.

      Defendants fail to refute Plaintiff's alleged facts with admissible evidence. Under

Local Civil Rule 56.1, every paragraph in a moving party's statement of material facts "will be

deemed to be admitted for purposes of the motion unless specifically controverted by a

4

correspondingly numbered paragraph in the statement required to be served by the opposing party." S.D.N.Y. Local Civ. R. 56.1(c). For the opponent, "each statement controverting any statement of material fact . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." S.D.N.Y. Local Civ. R. 56.1(c). In Defendants' Local Rule 56.1 Response to Plaintiff's Statement of Material Facts ("Defendants' 56.1 Response"), ECF No. 49, Defendants do not cite a single item of evidence. For over half of the paragraphs in Plaintiff's Local Civ. R. 56.1 Statement of Material Facts ("Plaintiff's 56.1 Statement"), Defendants respond with a single word: "Deny."

Defendants' 56.1 Response is plainly insufficient. As a result, the facts in Plaintiff's Rule 56.1 Statement are deemed admitted. *See Teamsters Local 456 Pension, Health & Welfare, Annuity, Educ. & Training, Industry Advancement & Legal Servs. Funds v. CRL Transp., Inc.*, No. 18 Civ. 2056, 2019 WL 3960099, at *1 n.1 (S.D.N.Y. Aug. 22, 2019) ("Because Defendant fails to cite any evidence in support of its denials, Plaintiffs' 56.1 Statement is deemed admitted for purposes of the Motion."); *Deluca v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, No. 06 Civ. 5474, 2008 WL 857492, at *6 (S.D.N.Y. Mar. 31, 2008) ("Although the plaintiff asserts that many facts asserted by the defendant are 'denied,' they are actually deemed admitted where the plaintiff fails to cite to admissible evidence controverting the defendant's statements."); *Gallimore-Wright v. Long Island R.R. Co.*, 354 F. Supp. 2d 478, 488 (S.D.N.Y. 2005) (finding that where party fails to identify supporting evidence in its opposition to moving party's Rule 56.1 statement, "the Court is entitled to assume that there is none"). The admitted facts in Plaintiff's 56.1 Statement, supported by record evidence, show that CVHG presented that invoices at issue to Defendants for work performed by CVHG, and Defendants failed to object to

5

the invoices or pay the balances due. These facts are sufficient to prove Plaintiffs' three claims for accounts stated.

Even if I do consider the evidence presented by Defendants in their brief and supporting declarations,[2] none creates a genuine dispute of material fact. Defendants argue no liability for account stated exists because Plaintiff never performed the underlying work for which it is charging Defendants; instead, they say, Plaintiff created fraudulent invoices. Fraud, mistake, or other equitable considerations can prevent recovery for account stated. *LLT Int'l, Inc. v. MCI Telecomms. Corp.*, 69 F. Supp. 2d 510, 516-17 (S.D.N.Y. 1999). Still, "bald conclusory allegations of fraud, mistake and other equitable considerations are insufficient to defeat a motion for summary judgment." *Liddle, O'Connor, Finkelstein & Robinson v. Koppelman*, 215 A.D.2d 204, 204 (1st Dep't 1995).

Defendants raise three arguments to support their assertion of fraud: They state that Dr. Cvar's relationship with Mr. Forman became fractured prior to the time she would have performed the alleged work, business entities listed on the invoices were no longer operational or were no longer owned by Decurion at the relevant time, and one of the invoices appears to be copied and pasted from an earlier record. All three accusations are speculative and contradicted by evidence in the record.

First, while Dr. Cvar and Mr. Forman's relationship underwent various conflicts, evidence in the record establishes that they continued to communicate at the relevant times. For example, Mr. Forman wrote Dr. Cvar multiple checks in 2015. ECF No. 51, Ex. E. In a

---

[2] Even in the absence of citations to the record in Defendants' 56.1 Response, the Court may conduct a broader review of other documents supporting Defendants' opposition. *See Williams v. R.H. Donnelley Inc.*, 199 F. Supp. 2d 172, 173 n.1 (S.D.N.Y. 2002) ("[S]o as to not unduly prejudice plaintiff for her attorney's procedural error, we will deem the facts set forth in plaintiff's memorandum of law sufficient to satisfy Rule 56.1 to the extent that the rule is otherwise complied with. However, where a stated fact is nowhere controverted, it will be deemed admitted.").

handwritten letter from 2015, Mr. Forman said that he was looking forward to seeing Dr. Cvar. ECF No. 42, Ex. 4. Defendants, by contrast, do no cite any evidence showing that Mr. Forman and Dr. Cvar's relationship never resumed after the 2012 conflict.

Second, Defendants rely only on the unsupported claims of the Vandever Declaration to assert that Decurion had sold most of the assets referenced in the 2012 Invoice years prior. However, even the Vandever Declaration acknowledges that Decurion continued to hold some movie theaters. Plaintiff also provides evidence from Decurion's website that it still holds theaters today. ECF No. 51, Ex. B. Thus, even viewing the evidence in the light most favorable to the Defendants, nothing in the record would preclude CVHG from having performed analysis related to theaters and snack bars in 2012.[3] Similarly, nothing in the record rebuts CVHG's contention that it performed work on Elk Mountain in 2013 and 2015 to position Elk Mountain for a sale. There is no dispute that Elk Mountain was not operational at the time of the 2013 and 2015 Invoices, but the entity continued to exist and had assets to be sold. CVHG attached the 2015 business plan it prepared to show the services it performed. ECF No. 42, Ex. 13. Defendants do not address that point, that CVHG actually continued to perform services useful to Defendants.

Third, the only overlap between the 2015 Invoice and the 2000 Invoice is the total amount billed. The invoices otherwise appear completely different. *Compare*, ECF No. 42, Ex. 9, *with* ECF No. 42, Ex. 11. This does not support the speculation in the Vandever Declaration, which again does not cite any documentary evidence, that CVHG copied and pasted to generate a fraudulent invoice. In summary, even taking as true all of the evidence presented by Defendants,

---

[3] CVHG also produced a copy of a portfolio review for Decurion's theater holdings in the third quarter of 2012. ECF No. 42, Ex. 7. While the completed portfolio review postdates the 2012 Invoice, it supports CVHG's contention that its analysis of the theater holdings was ongoing in 2012.

7

Defendants have failed to rebut Plaintiff's showing that it is entitled to payment for the three invoices.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted. The oral argument currently scheduled for January 9, 2020 is canceled. The Clerk is directed to terminate the open motion and enter judgment for the Plaintiff against Defendants Decurion Corporation and Elk Mountain Resort, LLC in the amount of $183,786.00, with interest and costs.

SO ORDERED.

Dated:  December 12 2019
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

8

# Exhibit B to Proposed Order -

## December 16, 2019 Judgment entered against the Decurion Defendants (ECF Document No. 55)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

CVAR VON HABSBURGGROUP, LLC,

                       Plaintiff,

        -against-

DECURION CORPORATION and ELK
MOUNTAIN RESORT, LLC,

                   Defendants.

-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
12/16/2019

18 **CIVIL** 11218 (AKH)

**JUDGMENT**

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Memorandum Opinion and Order dated December 11, 2019, Plaintiff's

motion for summary judgment is granted; the oral argument currently scheduled for January 9,

2020 is cancelled; judgment is entered for plaintiff against Defendants Decurion Corporation and

Elk Mountain Resort, LLC in the amount of $183,786.00 with interest and costs in the following

amounts;

1. $40,634 with 9% interest from July 25, 2012 through the entry of judgment in the
   amount of $27,052.22 for a total amount of $67,686.72 against Decurion;

2. $84,872 with 9% interest from October 15, 2015 through the entry of judgment in the
   amount of $31,872.34 for a total amount of $116,744.34 against Decurion; and

3. $58,280 with 9% interest from February 4, 2013 through the entry of judgment in the
   amount of $36,012.25 for a total amount of $94,282.25 against Elk Mountain; for a
   total sum for 1, 2 & 3 in the amount of $278,723.31, plus costs.

**Dated:** New York, New York
      December 16, 2019

                                   **RUBY J. KRAJICK**

                                      **Clerk of Court**

                      BY:

                                       **Deputy Clerk**

# Exhibit C to Proposed Order -

## Notice of Appeal filed on December 18, 2020 by the Decurion Defendants (ECF Document No. 55)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x
                                                    :
CVAR VON HABSBURG GROUP,                             :     Case No.:
                                                    :     18-cv-11218 (AKH)(GWG)
                        Plaintiff,                   :
                                                    :
            -against-                                :
                                                    :
DECURION CORPORATION and ELK MOUNTAIN               :
RESORT, LLC,                                         :
                                                    :
                        Defendants.                  :
———————————————————————x

### NOTICE OF APPEAL

Notice is hereby given that Defendants Decurion Corporation and Elk Mountain Resort, LLC,

("Defendants") hereby appeal to the United States Court of Appeals for the Second Circuit from the

Judgment entered in this action against Defendants on December 16, 2019 (ECF No. 55), including

but not limited to the District Court's Opinion and Order entered in this action December 11, 2019

(ECF No. 54), granting Plaintiff's motion for summary judgment against Defendants.

Dated: New York, New York
        December 19, 2019

                                    Respectfully submitted,

                                    Defendants Decurion Corporation and Elk Mountain
                                    Resort, LLC

                                    By their attorneys,

                                    /s/ Neal Fellenbaum
                                    Neal Fellenbaum
                                    Zegen & Fellenbaum
                                    505 Park Avenue, 20th Floor
                                    New York, New York 10022
                                    (212) 986-4848
                                    nfellenbaum@zfny.com

# Exhibit D to Proposed Order -

## Supersedeas Bond filed by the Decurion Defendants on January 27, 2020 (ECF Document No. 57)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/27/2020

# SURETEC INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Bond Number 3475215

----------------------------------------------------------

**CVAR VON HABSBURG GROUP, LLC,**

**SUPERSEDEAS BOND**

**Plaintiff,**

-v-

**Case No.**
**18-CIVIL-11218 (AKH)(GWG)**

**DECURION CORPORATION and**
**ELK MOUNTAIN RESORT, LLC,**

**Defendants.**

----------------------------------------------------------

**WHEREAS,** in the above entitled Court, a Judgment was entered on December 16, 2019 (ECF No. 55), in favor of the Plaintiff and against the Defendants, **DECURION CORPORATION and ELK MOUNTAIN RESORT, LLC,** in the **total sum of $278,723.31 plus costs,** and **WHEREAS,** in the above entitled Court a District Court's Opinion and Order dated December 10, 2019 and entered in this action on December 11, 2019, (ECF No. 54), granted Plaintiff's motion for summary judgment against Defendants.

**AND, WHEREAS,** the said Defendants feeling aggrieved thereby, have filed a Notice of Appeal on December 19, 2019, (ECF No. 56), therefrom to the United States Court of Appeals for the Second Circuit from the Judgment and District Court's Opinion and Order.

**NOW, THEREFORE, SURETEC INSURANCE COMPANY,** a corporation of the State of Texas, duly authorized to transact business in the State of New York at 370 Lexington Avenue, Suite 1101, New York, NY 10017, does hereby undertake in the sum of **THREE HUNDRED NINE THOUSAND SIX HUNDRED THIRTY-THREE AND 00/100THS---($309,633.00)DOLLARS,** that if the Judgment and/or Order so appealed from, or any part of them, is affirmed, or the appeal is dismissed, Defendants, shall pay the sum directed to be paid by the Judgment and/ or Order, to the extent said Judgment and/or Order is affirmed.

**DATED: January 27, 2020**

**SURETEC INSURANCE COMPANY**

By: _____
Maia Sponza, Attorney- In- Fact

RUBY J. KRAJICK
CLERK OF COURT
approved 1/27/2020
BY_____
Deputy Clerk

## SURETY ACKNOWLEDGMENT

**State of  New York**
**County of New York**

On the **27**th day of **JANUARY, 2020,** before me personally came **Maria Sponza,** resides at 370 Lexington Avenue, New York, NY 10017, that she is Attorney-In-Fact of **SureTec Insurance Company**, the corporation described in and which executed the within instrument; that she knows the corporate seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by the Board of Directors of said corporation, and that she signed her name thereto by like order; and that the **SureTec Insurance Company** is duly authorized to transact business in the State of New York in pursuance of the statutes in such case made and provided; that the Superintendent of Insurance of the State of New York, has, pursuant to Chapter 28 of the Consolidated Laws of the State of New York, known as the Insurance Law, issued to the **SureTec Insurance Company**  a Certificate of Solvency and of Qualification to become surety or guarantor on all bonds, undertakings, recognizances, guaranties and other obligations required or permitted by law; and that such certificate has not been revoked.

MARGARET MCLAUGHLIN
Notary Public, State of New York
Registration No. 01MC6374205
Qualfied in Suffolk County
Commission Expires April 23, 2022

_____
**Notary Public**

POA #: 3210004

# SureTec Insurance Company
## LIMITED POWER OF ATTORNEY

*Know All Men by These Presents,* That SURETEC INSURANCE COMPANY (the "Company"), a corporation duly organized and existing under the laws of the State of Texas, and having its principal office in Houston, Harris County, Texas, does by these presents make, constitute and appoint

Anita Hunter, Carol Levine, Sybil Levine, Margaret McLaughlin, Maria Sponza

its true and lawful Attorney-in-fact, with full power and authority hereby conferred in its name, place and stead, to execute, acknowledge and deliver any and all bonds, recognizances, undertakings or other instruments or contracts of suretyship to include waivers to the conditions of contracts and consents of surety for, providing the bond penalty does not exceed

Five Million and 00/100 Dollars ($5,000,000.00)

and to bind the Company thereby as fully and to the same extent as if such bond were signed by the CEO, sealed with the corporate seal of the Company and duly attested by its Secretary, hereby ratifying and confirming all that the said Attorney-in-Fact may do in the premises. Said appointment is made under and by authority of the following resolutions of the Board of Directors of the SureTec Insurance Company:

*Be it Resolved,* that the President, any Vice-President, any Assistant Vice-President, any Secretary or any Assistant Secretary shall be and is hereby vested with full power and authority to appoint any one or more suitable persons as Attorney(s)-in-Fact to represent and act for and on behalf of the Company subject to the following provisions:

*Attorney-in-Fact* may be given full power and authority for and in the name of and of behalf of the Company, to execute, acknowledge and deliver, any and all bonds, recognizances, contracts, agreements or indemnity and other conditional or obligatory undertakings and any and all notices and documents canceling or terminating the Company's liability thereunder, and any such instruments so executed by any such Attorney-in-Fact shall be binding upon the Company as if signed by the President and sealed and effected by the Corporate Secretary.

*Be it Resolved,* that the signature of any authorized officer and seal of the Company heretofore or hereafter affixed to any power of attorney or any certificate relating thereto by facsimile, and any power of attorney or certificate bearing facsimile signature or facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is attached. *(Adopted at a meeting held on 20ᵗʰ of April, 1999.)*

*In Witness Whereof,* SURETEC INSURANCE COMPANY has caused these presents to be signed by its CEO, and its corporate seal to be hereto affixed this 21st day of November , A.D. 2018 .

SURETEC INSURANCE COMPANY

By: _____
John Knox Jr., CEO

State of Texas      ss:
County of Harris

On this 21st day of November , A.D. 2018 before me personally came John Knox Jr., to me known, who, being by me duly sworn, did depose and say, that he resides in Houston, Texas, that he is CEO of SURETEC INSURANCE COMPANY, the company described in and which executed the above instrument; that he knows the seal of said Company; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said Company; and that he signed his name thereto by like order.

JACQUELYN GREENLEAF
Notary Public, State of Texas
Comm. Expires 05-18-2021
Notary ID 126903029

Jacquelyn Greenleaf, Notary Public
My commission expires May 18, 2021

I, M. Brent Beaty, Assistant Secretary of SURETEC INSURANCE COMPANY, do hereby certify that the above and foregoing is a true and correct copy of a Power of Attorney, executed by said Company, which is still in full force and effect; and furthermore, the resolutions of the Board of Directors, set out in the Power of Attorney are in full force and effect.

Given under my hand and the seal of said Company at Houston, Texas this 27th day of January , 2020 , A.D.

M. Brent Beaty, Assistant Secretary

**Any instrument issued in excess of the penalty stated above is totally void and without any validity.**
**For verification of the authority of this power you may call (713) 812-0800 any business day between 8:30 am and 5:00 pm CST.**



**MARKEL**®

SureTec Insurance Company
2103 CityWest Boulevard, Suite 1300
Houston, TX. 77042

### FINANCIAL STATEMENT
### as of December 31, 2018
### Statutory Basis

| | | | | | |
|---|---|--:|---|--:|--:|
| Bonds | $ | 122,341,611 | Reserve for Losses and Loss Expense | $ | 13,376,492 |
| Stocks | | 72,664,405 | Reserve for Unearned Premiums | | 37,696,804 |
| Cash & Short Term Investments | | 52,248,274 | Other Liabilities | | 99,903,326 |
| Agents Balances or Uncollected Premiums | | 5,737,685 | TOTAL LIABILITIES | | 150,976,622 |
| Other Admitted Assets | | 5,263,540 | | | |
| | | | Capital Stock | | 5,000,000 |
| | | | Surplus | | 102,278,893 |
| | | | TOTAL POLICYHOLDERS SURPLUS | | 107,278,893 |
| | | | TOTAL LIABILITIES AND POLICYHOLDERS | | |
| TOTAL ASSETS | $ | 258,255,515 | SURPLUS | $ | 258,255,515 |

Bonds and stocks are valued in accordance with the basis adopted by the National Association of Insurance Commissioners.
Securities carried in the above statement are deposited as required by law.

### CERTIFICATE

David Allen Wisnoski, Treasurer, and Michael Charles Keimig, President, of the SureTec Insurance Company, being duly sworn each for himself, deposes and says that they are the above described officers of the said Company and that on the 31st day of December, 2018, the Company actually possessed the assets set forth in the foregoing financial statement, except as hereinbefore indicated, and that this foregoing statement is a correct exhibit of such assets and liabilities of said Company on the 31st day of December, 2018, according to the best of their information, knowledge and belief.

_____
President

_____
Treasurer

STATE OF TEXAS
COUNTY OF HARRIS

On this 14th day of March, 2019, before me came the above
named officers of SureTec Insurance Company to me known to
be the individuals and officers described herein, and
acknowledge that they executed the foregoing instrument and
affixed the seal of the corporation thereto by the authority of
their office.

_____
Notary Public

LINDA WHITE
Notary Public, State of Texas
Comm. Expires 10-14-2021
Notary ID 123994008

## STATE OF NEW YORK
## DEPARTMENT OF FINANCIAL SERVICES

CERTIFICATE OF SOLVENCY UNDER SECTION 1111 OF THE NEW YORK
INSURANCE LAW

It is hereby certified that

SureTec Insurance Company
of Houston, Texas

a corporation organized under the laws of the State of Texas, and duly
authorized to transact the business of insurance in this State, is qualified to
become surety or guarantor on all bonds, undertakings, recognizances,
guaranties and other obligations required or permitted by law; and that the said
corporation is possessed of a capital and surplus including gross paid-in and
contributed surplus and unassigned funds (surplus) aggregating the sum of
$126,097,901.(Capital $5,000,000.) as is shown by its sworn financial statement
for the year ended June 30, 2019, on file in this Department, prior to audit.

The said corporation cannot lawfully expose itself to loss on any one risk or
hazard to an amount exceeding 10% of its surplus to policyholders, unless it shall
be protected in excess of that amount in the manner provided in Section 4118 of
the Insurance Law of this State.



In Witness Whereof, I have here-
unto set my hand and affixed the
official seal of this Department
at the City of Albany, this 3rd
day of September, 2019.

Linda A. Lacewell
Superintendent

By *Ellen Buxbaum*

Ellen Buxbaum
Special Deputy Superintendent

# State of New York

## DEPARTMENT OF FINANCIAL SERVICES

### WHEREAS IT APPEARS THAT

**SureTec Insurance Company**

**Home Office Address**      Houston, Texas

**Organized under the Laws of**      Texas

has complied with the necessary requirements of or pursuant to law, it is hereby

licensed to do within this State the business of

personal injury liability, property damage liability and fidelity and surety insurance, as specified in paragraph(s) 13, 14 and 16 of Section 1113(a) of the New York Insurance Law to the extent permitted by certified copy of its charter document on file in this Department until July 1, 2020.



In Witness Whereof, I have hereunto set my hand and affixed the official seal of this Department at the City of Albany, New York, this 1st day of July, 2019

Linda A. Lacewell
Superintendent

By

Ellen R Buxbaum
Special Deputy Superintendent

Original on Watermarked Paper

# Exhibit E to Proposed Order -

## January 9, 2020 Order of the United States Court of Appeals for the Second Circuit directing mediation before Hon. Charles E. Ramos, J.S.C. (ret.)

**UNITED STATES COURT OF APPEALS**
**FOR THE**
**SECOND CIRCUIT**

_____

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall U.S. Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand twenty.

_____

Cvar Von Habsburg Group

                                                         **ORDER**

v.                                                    19-4313

Decurion Corporation

_____

This Court's Civil Appeals Mediation Program ("CAMP") has scheduled mediation in this appeal pursuant to Local Rule 33.1:

      Date: Thursday, January 30, 2020 at 10:00 AM (ET).

      Venue: Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY, 10007, Room 622.

      Required Attendees: Clients with counsel <u>must attend</u> (and insurance representatives, if relevant).

      Duration: 3 hours must be allocated.

      Instructions: Please use the Pearl Street entrance. Personal electronic devices may be used in the mediation conference as authorized by this Court's Standing Order, *In the Matter of Electronic Devices and General Purpose Computing Devices* (attached). To bring an electronic device into the courthouse, please show security hard copies of both this mediation order and the Standing Order.

Charles Ramos, member of the Pro Bono Appellate Mediator Panel of the Second Circuit, will hold the mediation. Mr. Ramos can be reached at cramos@nycourts.gov.

Counsel are directed to be prepared to discuss the legal merits of each issue on appeal, settlement possibilities, and the narrowing or clarification of issues.

Information shared during a CAMP proceeding is confidential. Attorneys and other participants are prohibited from disclosing what is said in a CAMP proceeding to anyone other than clients, principals or co-counsel. See Local Rule 33.1(e).

Counsel must proceed with the so-ordered briefing schedule. See Local Rule 31.2. Mediation does not constitute an "extraordinary circumstance" for the purpose of seeking a briefing extension. See Local Rule 27.1(f).

Any questions regarding this order should be sent via email to camp_support@ca2.uscourts.gov or by calling (212) 857-8760.

                                        For The Court:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court



## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### STANDING ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June , two thousand sixteen.

-----------------------------------X
In the Matter of
Electronic Devices and General
Purpose Computing Devices
-----------------------------------X

ROBERT A. KATZMANN, Chief Judge:

1. Except as permitted by this order, only court personnel may bring a personal electronic device—such as a cell phone, smart phone, tablet, or laptop—into the Thurgood Marshall Courthouse.

2. Subject to security screening, an attorney or party attending a Civil Appeals Mediation Program ("CAMP") mediation conference may bring a personal electronic device into the courthouse. But use of the personal electronic device is limited to the mediation conference, and no photography or recording is permitted. At the conclusion of the mediation conference, the attorney or party must either exit the courthouse or check the personal electronic device with court security.

3. An attorney or party who wishes to bring a personal electronic device to a mediation conference must present court security with a hard copy of the CAMP-issued conference notice.

4. The court may impose sanctions for violations of this order, including fines and forfeiture of privileges granted herein.

Robert A. Katzmann, Chief Judge

Date: June 14, 2016
New York, New York
A TRUE COPY.
Catherine O'Hagan Wolfe, Clerk
by _____
DEPUTY CLERK

CERTIFIED: 6/14/16